# Alice J. Stephens, Appellant, v. The Commercial=News Company, Appellee.

1. SLANDER AND LIBEL—*what not defense.* It is no defense to an action of libel to show that the publication was predicated upon information obtained from the chief of police and others at the police station and that at the time of the publication and afterwards nothing was known with respect to the truth or falsity of the publication except as indicated from the information thus obtained.

2. SLANDER AND LIBEL—*what evidence incompetent.* In an action of libel conversations had with third parties out of the presence of the plaintiff which bear upon the truth or falsity of the publication made, are incompetent.

3. SLANDER AND LIBEL—*when malice presumed.* Where a publication is shown to have been made and charges a felony malice is presumed.

Appeal from the Circuit Court of Vermilion county; the Hon. W. B. SCHOLFIELD, Judge, presiding. Heard in this court at the May term, 1911. Reversed and remanded. Opinion filed October 14, 1911. Rehearing denied December 8, 1911.

A. B. DENNIS, for appellant.

CHARLES TROUP, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This is an action for damages brought by plaintiff against defendant on a charge of libel. The article complained of was published in a newspaper published by defendant at Danville, Illinois, charging plaintiff with being guilty of renting rooms for immoral purposes and with pandering, alleging damages to the plaintiff, under the usual averments in actions of this character.

Defendant filed a plea of general issue and a special plea claiming privileged communication, upon

the theory that the article published was the publication of a judicial proceeding. Replications were filed and a trial had which resulted in a verdict for the defendant, upon which the court rendered judgment against plaintiff in bar of action and for costs.

While the plea of general issue was filed, there was no denial on the trial of the publication of the article complained of and which was produced in evidence, and unless the article was a privileged communication there was no defense presented to the action.

It is insisted by the plaintiff that the court erred in the admission and rejection of evidence and in the giving and refusing of instructions to the jury, and that the verdict is contrary to the evidence.

The record discloses that plaintiff was arrested upon complaint filed and taken before the police magistrate. She was never tried and never had a hearing upon the charge that was brought against her. The reporter who wrote the article published in the defendant company's paper obtained all his information from statements made by the chief of police and others at the police station, and admits in his cross-examination that he knew nothing of the truth or falsity of the charges made against plaintiff in the article complained of, and that it was so near the time of the paper going to press that he had no time to investigate the charges, accepted them as the truth, wrote the article and it was published in the paper and this is the purport of the judicial proceedings which is set forth in the special plea filed by defendant. These facts, although proven, present no defense whatever to this cause of action. The court permitted evidence of the conversations had with the chief of police and other parties at the police station to be given in evidence over objections of the plaintiff. These conversations were had out of her presence and she had no knowledge of them. They were utterly

incompetent for any purpose whatever. The objection to them should have been sustained. These conversations were highly prejudicial to the plaintiff. The court also erred in not permitting plaintiff to deny or show that she was not guilty of any of the charges made in the article complained of, and also erred in not permitting her to deny the charge in the article that she had signified a willingness to plead guilty to the charges made.

The instructions given to the jury on behalf of defendant are based upon the theory that this article was obtained as the result of a hearing at a judicial proceeding, but there is no evidence whatever in this record of any judicial proceeding ever having been had. The information upon which the article was based was derived from gossip obtained at the police station, and all the instructions given on behalf of the defendant upon the theory of a judicial proceeding were erroneous and should have been refused. Instructions number two and number ten complained of are not correct statements of the law. The question of the intention of the defendant was not a material matter in this action. Instruction number ten is also erroneous in informing the jury that the defendant might rely upon statements told him by the chief of police if they believed the statements were true. If such could be permitted to be the law on libel, then almost every charge of libel could be defeated. Storey v. Early, 86 Ill. 461; Spolek v. Hoffman, 204 Ill. 532.

The eleventh instruction is erroneous in telling the jury that the plaintiff was required to show that malice was the basis of the publication. Such is not the law. Where a publication is shown to have been made and the publication, as in this case, charges a felony, malice is presumed.

It is useless to go further into the question of these

instructions given as a series upon the part of the defendant; they cannot be sustained upon any theory of the law.

For the errors above indicated, the judgment is reversed and the cause remanded,

*Reversed and remanded.*